**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **1. LAMONT HENDERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIV-14-** 1253-D |
| | ) | |
| **1. SABER ROUSTABOUT SERVICE, L.L.C.,** | ) | |
| **2. SABER RENTAL, L.L.C.,** | ) | |
| **3. COREY SPOMER, an individual,** | ) | |
| **4. CASEY PEKRUL, an individual,** | ) | |
| **5. COLTON PEKRUL, an individual, and** | ) | |
| **6. TANNER SEAL, an individual,** | ) | |
| | ) | **Jury Trial Demanded** |
| **Defendants.** | ) | **Attorney Lien Claimed** |

**COMPLAINT**

**COMES NOW** the Plaintiff, Lamont Henderson, and for his Complaint in the above-entitled action, alleges and states as follows:

**PARTIES**

1. Plaintiff, Lamont Henderson, is an adult male, who at all times relevant hereto was a resident of Blaine County, Oklahoma.

2. Defendants are:

a. Saber Roustabout Service, L.L.C. ("Saber Roustabout"), a limited liability company doing business in Major County, Oklahoma;

b. Saber Rental, L.L.C. ("Saber Rental"), a limited liability company doing business in Major County, Oklahoma;

c. Corey Spomer, a Caucasian individual employed at all relevant times hereto by Defendant Saber;

d. Casey Pekrul, a Caucasian individual employed at all relevant times hereto by Defendant Saber;

e. Colton Pekrul, a Caucasian individual employed at all relevant times hereto by Defendant Saber; and

f. Tanner Seal, a Caucasian individual employed at all relevant times hereto by Defendant Saber.

**JURISDICTION AND VENUE**

3. This is a cause of action arising out of Plaintiff's former employment with Defendants Saber Roustabout and Saber Rental (collectively "Saber") based on claims of race discrimination, racial harassment, the creation of a racially hostile work environment and retaliation in his employment with Defendants Saber Roustabout and Saber Rental fin violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-5(f)(1)). Plaintiff also asserts a state law cause of action for negligent supervision, training and retention.

4. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331. This Court has supplemental jurisdiction over Plaintiff's state law claim, which arises out of the same core of operative facts, pursuant to 28 U.S.C. § 1367(a).

5. All of the claims complained of herein occurred in or around Major County,

Oklahoma. Defendants Saber Roustabout and Saber Rental are doing business in such county and may be served in such county. Defendants Spomer, Casey Pekrul, Colton Pekrul and Seal were at all relevant times employed by Defendants Saber Roustabout and Saber Rental and may be served in Major County, Oklahoma. Major County is located within the Western District of the United States District Court of Oklahoma, wherefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

6. Plaintiff has exhausted his administrative remedies. He filed an EEOC Charge of Discrimination on or about May 6, 2014. The EEOC issued a Notice of Right to Sue dated on or about September 23, 2014, which Plaintiff received thereafter by mail. He has timely filed his Complaint within ninety (90) days from his receipt of the same.

**STATEMENT OF FACTS**

7. Plaintiff, who is African-American, began his employment with Saber in or around September 2013 as a Hand/Assistant.

8. Throughout the time Plaintiff was employed with Saber (from in or around September 2013 until April 23, 2014), Plaintiff was the only African-American employee.

9. Shortly after Plaintiff was hired, Plaintiff's co-worker, Defendant Colton Pekrul repeatedly referred to Plaintiff as "the nig*er" and "nig*er." More particularly, beginning in or around November 2013, and continuing throughout Plaintiff's employment, Defendant Colton Pekrul (whose brother, Defendant Casey Pekrul, was Plaintiff's direct supervisor), repeatedly referred to Plaintiff as "the nig*er" or "nig*er." Defendant Colton

Pekrul also referred to other individuals as "nig*er" in Plaintiff's presence. Likewise, Defendant Tanner Seal referred to Plaintiff as "nig*er" or "boy" on multiple occasions. And, Saber admitted to the Oklahoma Employment Security Commission that "[t]he N word was used around [Plaintiff]."

10. Plaintiff complained about the racially derogatory comments to Saber Office Manager Staci Howe (who is Caucasian) in or around November and December 2013. After each occasion, Defendant Casey Pekrul (whose brother Colton was among the employees about whom Plaintiff complained) approached Plaintiff, saying he heard Plaintiff was "having problems" with Colton and that he would "talk to" Colton about the same. However, no remedial action was taken. And, in fact, the harassing behavior escalated.

11. After Plaintiff complained (and Casey Pekrul said he would "talk to" Colton) Defendant Colton Pekrul not only continued making racially derogatory remarks to Plaintiff, but he also began constantly berating and bullying Plaintiff, speaking to Plaintiff in a demeaning tone, throwing tools on the ground and demanding Plaintiff pick them up, among other things. It was also in or around this time (i.e., in or around December 2013) that Defendant Seal (who worked closely with Defendant Colton Pekrul) began referring to Plaintiff as "nig*er" or "boy." And, on or about August 22, 2014, Defendant Casey Pekrul terminated Plaintiff.

12. At no time during Plaintiff's employment did Saber provide any anti-harassment and/or anti-discrimination training to its employees.

13. Plaintiff was not told any reason for his termination.

14. However, in the position statement Saber submitted to the EEOC (signed by Defendant Spomer), Saber stated that "Cory Spomer … and Casey Pekrul made the decision to release [Plaintiff] from employment" because "[Plaintiff's] job performance was consistently below average, Saber had received multiple complaints from its largest customers regarding [Plaintiff's] job performance, and [because of Plaintiff's] inability to get along with other employees." However, Defendants' stated basis for Plaintiff's termination is pretext.

15. In fact, throughout Plaintiff's employment, he satisfactorily performed his job. At no time was Plaintiff disciplined for poor work performance. In fact, Plaintiff received a merit pay increase during his tenure. And, the only "inability to get along with his coworkers" stemmed from his complaints about the racially hostile work environment to which Plaintiff was subjected.

16. Moreover, Saber had received complaints about other employees, including Colton Pekrul and Tanner Seal (who were banned from working at certain Saber customer locations as a result of such complaints). Yet, they were not fired for such offenses.

17. Colton Pekrul and Tanner Seal also repeatedly violated work rules without facing termination. In addition to the racial slurs, Seal frequently appeared under the influence of illegal drugs and/or alcohol at work, and was a "no call, no show" on multiple occasions. Yet, Colton Pekrul and Tanner Seal were not fired.

18. Upon information and belief, Plaintiff was replaced by a Caucasian individual.

19. As a direct and proximate result of Defendants' actions, Plaintiff has suffered the injuries described hereafter.

**COUNT I**

For his first cause of action against, Plaintiff incorporates all prior allegations and further alleges and states as follows:

20. This Count goes against Defendants Saber Roustabout, Saber Rental, Corey Spomer and Casey Pekrul.

21. The matters alleged above constitute violations of 42 U.S.C. § 1981 in the nature of race-based discrimination, harassment, the creation of a racially hostile environment and retaliation, which has affected Plaintiff's employment in both tangible and intangible aspects of the job.

22. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

23. Because the actions of the Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

**COUNT II**

For his second cause of action against, Plaintiff incorporates all prior allegations and further alleges and states as follows:

24. This Count goes against Defendants Colton Pekrul and Tanner Seal.

25. The matters alleged above constitute violations of 42 U.S.C. § 1981 in the nature of race-based harassment and the creation of a racially hostile environment, which has affected Plaintiff's employment in both tangible and intangible aspects of the job.

26. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

27. Because the actions of the Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

**COUNT III**

For his third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

28. This Count goes against Defendants Saber Roustabout and Saber Rental only.

29. The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964 in the nature of race discrimination, racial harassment, and the creation of a racially hostile work environment and retaliation.

30. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

31. Because the actions of the Defendant were willful, wanton or, at the least, in

reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## COUNT IV

For his fourth cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

32. This count goes against Defendants Saber Roustabout and Saber Rental only.

33. The acts of Defendants Saber Roustabout and Saber Rental as described above constitute the tort of negligent supervision, training and retention.

34. Defendants Saber Roustabout and Saber Rental had a duty to properly supervise and train its employees to refrain from engaging in racial harassment, discrimination and retaliation.

35. Defendants Saber Roustabout and Saber Rental breached its duty.

36. At the critical time of the tortious incidents described herein, Defendants Saber Roustabout and Saber Rental knew or should have known its employees would create an undue risk of harm to others.

37. As a direct and proximate cause of Defendants Saber Roustabout and Saber Rental's negligence, Plaintiff was harmed.

38. As damages, Plaintiff is entitled to all damages allowed by state law.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court enter judgment in favor of Plaintiff and against Defendants and assess compensatory damages including but not limited to

backpay, future wages and other compensatory damages, together with pre- and post-judgment interest, costs, attorney's fees, punitive damages and such other relief as this Court may deem equitable and appropriate or allowed by law.

**RESPECTFULLY SUBMITTED THIS 10th DAY OF NOVEMBER, 2014.**

s/ Jana B. Leonard
JANA B. LEONARD, OBA# 17844
SHANNON C. HAUPT, OBA # 18922
LEONARD & ASSOCIATES, P.L.L.C.
8265 S. WALKER
OKLAHOMA CITY, OK 73139
(405) 239-3800 (telephone)
(405) 239-3801 (facsimile)
leonardjb@leonardlaw.net
johnstonlw@leonardlaw.net

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED